UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO TRUJILLO MIJARES (A-074-040-709),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05948-DC-CSK (HC)

ORDER ADOPTING FINDINGS & RECOMMENDATIONS

(Doc. No. 11)

Petitioner, an immigration detainee proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 22, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 11.) On October 29, 2026, Respondents objected "to the findings and recommendations for the reasons stated in their Answer to [the] Petition for Writ of Habeas Corpus." (Doc. No. 12.) However, those arguments—that Petitioner is lawfully detained because he is subject to a final order of removal, that the "ERO . . . has the duty and authority to execute the removal order, which it cannot accomplish without first taking Petitioner into custody," and that Petitioner's detention is "likely

to occur in the next seven days" if he is removed to Mexico (Doc. No. 5)—were already addressed by the magistrate judge in this case and by the undersigned in other cases. Indeed, this court has held that the government's ability to detain a noncitizen under 8 U.S.C. § 1231(a) does not supplant its obligation to comply with the procedural protections set forth under 8 U.S.C. §§ 241.4(l) and 241.13(i) when revoking a noncitizen's release in order to effectuate removal pursuant to an earlier final order of removal. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025) (granting motion for a temporary restraining order and ordering immediate release from custody for the petitioner where the government failed to make a showing that, prior to the revocation of the noncitizen's release, changed circumstances supported a determination that there was a significant likelihood of removal in the reasonably foreseeable future); *Vuong v. Becerra*, 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025) (same where there was no evidence that the government properly advised the noncitizen of the reasons for the revocation of their release nor evidence that the noncitizen was afforded an informal interview); *see also Gonzalez v. Warden, Cal. City Immigration Processing Ctr.*, No. 1:26-cv-04345-DC-AC, Doc. No. 8 (E.D. Cal. June 18, 2026) (same where the government provided insufficient evidence to support that it was prepared to execute the re-detained Cuban noncitizen's removal to Mexico within the reasonably foreseeable future). Thus, Respondents provide no basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 22, 2026 (Doc. No. 11), are ADOPTED;
2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Petitioner Lorenzo Trujillo Mijares (A-074-040-709) shall be RELEASED

IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his current detention. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above; and

d. Respondents are enjoined and restrained from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements for revocation of release under 8 C.F.R. §§ 241.13, 241.4, and any other applicable statutory and regulatory procedures;

3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Dena Coggins
United States District Judge